UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>    125 Broad Street<br>    New York, NY 10004,<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>    125 Broad Street<br>    New York, NY 10004,<br><br>                    Plaintiffs,<br>    v.<br><br>DEPARTMENT OF JUSTICE<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, DC 20530-0001,<br><br>DEPARTMENT OF DEFENSE<br>    1400 Defense Pentagon<br>    Washington, DC 20301-1400,<br><br>DEPARTMENT OF STATE<br>    2201 C Street, N.W.<br>    Washington, DC 20520,<br><br>CENTRAL INTELLIGENCE AGENCY<br>    Washington, D.C. 20505,<br><br>                    Defendants. | No. 10-cv-0436 (RMC) |

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from

Defendants U.S. Department of Justice ("DOJ"), U.S. Department of Defense ("DOD"), U.S. Department of State ("DOS"), and the Central Intelligence Agency ("CIA").

2. Plaintiffs submitted a FOIA request ("the Request") to the DOD, CIA, DOS, DOJ, and one specific component of the DOJ—the Office of Legal Counsel ("OLC")—requesting the release of records relating to the use of unmanned aerial vehicles—commonly known as "drones"—for the purpose of targeting and killing individuals since September 11, 2001. The Request was submitted to all agencies on January 13, 2010.

3. Although more than four months have elapsed since the Request was filed, none of the defendant agencies has released any record in response to the Request. Nor has any defendant provided Plaintiffs with a processing schedule. The defendants have provided inconsistent responses to Plaintiffs' application for expedited processing, for a fee limitation on the basis of Plaintiffs' status as representatives of the news media, and for a fee waiver on the basis that disclosure is in the public interest.

4. Plaintiffs now ask this Court to order the Defendants immediately to process all records responsive to the Request and to enjoin the Defendants from charging the Plaintiffs fees for processing the Request.

## Jurisdiction and Venue

5. This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

7.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government acts in compliance with the Constitution and laws, including its international legal obligations.  The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

8.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9.     Defendant DOD is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10.    Defendant DOJ is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OLC is a component of the DOJ.

11.    Defendant DOS is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

12.    Defendant CIA is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Factual Background**.

13.     Since at least 2002, the United States government has used unmanned aerial vehicles to conduct "targeted killings" overseas. Many of the drone strikes have taken place on *bona fide* battlefields—for example, in Afghanistan. In 2002, however, the U.S. conducted a drone strike in Yemen that killed several individuals including a U.S. citizen. According to news reports, the frequency of drone strikes has increased significantly over the last few years, and in particular in the last year. Unofficial estimates of the number and rate of civilian casualties in drone strikes vary significantly, from a rate of less than 10% to a rate of more than 90%.

FOIA Request

14.     On January 13, 2010, the ACLU submitted a FOIA Request for records relating to the use of unmanned aerial vehicles by the CIA and the Armed Forces for the purpose of killing targeted individuals. The Request was submitted to the designated FOIA offices of the DOD, CIA, DOS, DOJ, and OLC.

15.     The Request seeks a variety of records relating to the use of unmanned aerial vehicles to conduct targeted killings, including the legal basis for the strikes and any legal limits on who may be targeted; where targeted drone strikes can occur; civilian casualties; which agencies or other non-governmental entities may be involved in conducting targeted killings; how the results of individual drone strikes are assessed after the fact; who may operate and direct targeted killing strikes; and how those involved in operating the program are supervised, overseen or disciplined.

16.     Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because the information requested is

4

urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged Federal Government activity. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 22 C.F.R. § 171.12(b)(2); 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2). Plaintiffs also sought expedited processing on the grounds that the records sought relate to a "breaking news story of general public interest." 22 C.F.R. § 171.12(b)(2)(i); 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(d)(1)(iv) (providing for expedited processing in relation to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence"); 32 C.F.R. § 1900.34(c)(2) (providing for expedited processing when "the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity").

17.     Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 22 C.F.R. § 171.17(a); 28 C.F.R. § 16.11(k); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

18.     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 22 C.F.R. §§ 171.11(o), 171.15(c); 28 C.F.R. § 16.11(b)(6), (c), (d)(1); 32 C.F.R. § 286.28(e)(7); 32 C.F.R. §§ 1900.02(h)(3), 1900.13(i)(2).

The Government's Response to the Request

19. Although the Request has been pending for more than four months, no records have been produced. The DOD, DOJ, and DOJ have not provided any basis for withholding responsive records. The CIA has responded only by refusing to confirm or deny whether any responsive records exist.

20. By letter dated January 29, 2010 the DOD acknowledged receipt of the Request, but denied Plaintiffs' application for expedited processing and also denied Plaintiffs' application for waiver of search and review fees on the basis of "news media" requester status.

21. In the same letter the DOD deferred its decision on Plaintiffs' application for a "public interest" fee waiver, stating that it would decide the issue only after "a search for responsive records has been conducted and the volume and nature of responsive records have been determined" and that it would base its decision on the results of that search, rather than on the face of the Request. DOD indicated that it would only conduct a two-hour search for records for this purpose, unless Plaintiff agreed in advance to pay for additional search time.

22. On March 11, 2010, Plaintiffs notified the DOD that it objected to the proposed manner of determining Plaintiffs' entitlement to a public interest fee waiver. Plaintiffs nevertheless indicated that in the event the DOD refused to determine the fee waiver on the face of the Request, Plaintiffs were willing to commit $200 to cover search fees, in order to permit the DOD to base its public interest fee waiver decision on the basis of more than two hours of searching. Plaintiffs reserved the right, however, to

appeal or apply for judicial review of both the process employed for determining the fee waiver, and any adverse determination on the issue.

23.     On March 12, 2010, Plaintiff timely filed an administrative appeal of DOD's denial of news media requester status and of DOD's proposed procedure for determining the public interest fee waiver question.  Plaintiff urged the appellate authority to grant news media requester status and also to grant the public interest fee waiver based on an examination of the contents of the Request.  By letter dated March 26, 2010 – after the present lawsuit was filed naming DOD as a defendant – DOD denied Plaintiff's appeal in full, confirming the initial decisions to reject Plaintiff's request for news media requester status and to defer Plaintiff's fee waiver request until the search for documents is completed.

24.     No further response or correspondence has been received from the DOD.  No records responsive to the Request have been released by the DOD, nor has the DOD indicated that it has begun searching for or processing responsive records.

25.     By letter dated January 29, 2010, the CIA acknowledged receipt of the Request but denied Plaintiffs' request for expedited processing.  The CIA did not address Plaintiffs' request for a public interest fee waiver or limitation of fees based on news media requester status.

26.     By letter dated March 9, 2010, the CIA stated that the Request "is denied pursuant to FOIA exemptions (b)(1) and (b)(3) on the grounds that the "fact of the existence or nonexistence of requested records is currently and properly classified and is intelligences sources and methods that is protected from disclosure by section 6 of the

7

CIA Act of 1949, as amended." The letter stated that this was the CIA's "final response" to the Request, subject to appeal to the Agency Release Panel.

27. On April 22, 2010, Plaintiff timely filed an administrative appeal of CIA's refusal to confirm or deny the existence of any records responsive to the Request. Plaintiff urged the appellate authority to reconsider its blanket refusal to process the request.

28. By letter dated May 6, 2010, the CIA acknowledged receipt of the appeal on April 23, 2010, but indicated that "it [is] unlikely that we can respond within 20 working days," as required by 5 U.S.C. § 552(a)(6)(A)(ii). More than twenty days have elapsed since the appeal was received by the CIA and the CIA has not yet determined the appeal.

29. By letter dated February 3, 2010, the DOJ acknowledged receipt of the Request and informed the Plaintiff that the Request had been forwarded by the "receipt and referral unit" of the DOJ to the FBI, because it had determined that the FBI was the "component[] most likely to have the records" requested. The Request was forwarded to the FBI on February 3, 2010. By letter dated February 26, 2010, the FBI indicated that it had conducted a search of its Central Records System and was unable to find any responsive documents. The FBI's letter indicated that it regarded the request for fee waivers and expedited processing moot. The FBI is not a defendant in this action.

30. By letter dated February 4, 2010, the OLC acknowledged receipt of the Request and granted Plaintiffs' application for expedited processing, on the grounds that the Request involved "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public

8

confidence." 28 C.F.R. § 16.5(d)(1)(iv).  The OLC did not make a decision on Plaintiff's application for a public interest fee waiver or limitation of fees based on news media requester status, indicating that a decision on these issues would be made "after [OLC] determine[s] whether or not fees will be assessed for this request."  No further response or correspondence has been received from the OLC.

31. By letter dated April 22, 2010 – after the present lawsuit was filed naming DOS as a defendant – DOS acknowledged receipt of the Request, granted Plaintiff's application for expedited processing, and indicated that it would begin processing the Request.  The letter also stated that it would "defer our decision to grant or deny [Plaintiff's] request for a fee waiver until we are able to determine whether the disclosure of any documents responsive to your request is in the public interest."  DOS has not offered any response to Plaintiff's request for news media requester status.  No further response or correspondence has been received from DOS.

32. Although more than four months have elapsed since the Request was submitted, no records responsive to the Request have been released by any of the Defendants.  None of the defendants in this action, with the exception of DOS, have indicated that they have even begun searching for or processing responsive records.

33. Events since the filing of the Request have only served to highlight the importance and urgency of the Request.  On February 3, 2010, Director of National Intelligence Dennis Blair confirmed, in public remarks at an open session of the Intelligence Committee of the House of Representatives, that the Unites States operates a program to target and kill individuals abroad.  He further confirmed that this program can involve "direct action [that] involve[s] killing an American."  Investigative news reports

9

suggest that at least three U.S. citizens are on a list of individuals who can be targeted and killed, using drones or other means.

## Causes of Action

34. Defendants' failure to make a reasonable effort to search for records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

35. Defendants' failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

36. The failure of Defendants DOD and CIA to grant Plaintiffs' request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

37. Defendants' failure to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

38. Defendants' failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants immediately to process all records responsive to the Request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*Arthur B. Spitzer*

_____
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the
    Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D.C.  20036
Phone: (202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Jonathan Manes
Jameel Jaffer
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
jmanes@aclu.org
jjaffer@aclu.org
bwizner@aclu.org

*Counsel for Plaintiffs*

Dated: June 1, 2010