**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN CIVIL LIBERTIES UNION, *et al.*,

                                        *Plaintiffs*,

                v.                                          No. 10-cv-436 (RMC)

CENTRAL INTELLIGENCE AGENCY,

                                        *Defendant*.

## OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS

        Plaintiffs write in opposition to Defendant Central Intelligence Agency's ("CIA") motion to stay this litigation "until completion of any further review of" *New York Times Co. v. Department of Justice*, Nos. 13-422 & 13-445, 2014 WL 1569514 (2d Cir. Apr. 21, 2014). Def.'s Mot. at 1. Because Defendant's request is precisely the kind of stay of "'indefinite duration in the absence of a pressing need'" that the Supreme Court has forbidden, *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731–32 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)), the Court should deny the motion.

                                        \* \* \*

        As an initial matter, Plaintiffs note that the CIA has already unilaterally granted itself a stay of some duration. The CIA filed its motion just one day before the deadline for its Court-ordered response to Plaintiffs' February 12, 2014 notice of supplemental authority. *See* Apr. 9, 2014 Order; *see also* Pls.' Notice of Suppl. Auth. (Feb. 12, 2014), ECF No. 56. Rather than meet that deadline—which has been pending for nearly three weeks, on a matter that Plaintiffs filed with the Court and served on the CIA almost three months ago—the agency has asked the Court to choose between two options: granting the CIA's motion for an indefinite stay (with a status

report due in 90 days), or allowing it an additional 60 days to comply with the Court's order. *See* Def.'s Mem. at 9 & n.4. But that choice is a false one, and the Court should not reward the CIA's non-compliance with the Court's order by permitting the agency to dictate its own schedule. Instead, the Court should order the CIA to promptly file its response to Plaintiffs' February 12, 2014 notice of supplemental authority and, after Plaintiffs file their reply, the Court should proceed to resolve the parties' fully briefed motions for summary judgment and partial summary judgment.

The CIA's assertion that the stay it seeks will be "limited in duration," Def.'s Mem. at 9, is misleading. The CIA undertakes to file a status report in 90 days, but the stay it seeks promises to last a great deal longer. The agency has 45 days from the date of the Second Circuit's opinion to seek further review in that circuit. *See* Fed. R. App. P. 35, 40. If the Second Circuit denies a request for rehearing (either by the panel or *en banc*), the CIA will have an additional 90 days— or even 150 days—after the denial to petition for a writ of *certiorari* in the Supreme Court. *See* Sup. Ct. R. 13. And, of course, Supreme Court proceedings at the *certiorari* stage can take many months. What's more, the CIA's stay request acknowledges that if the Second Circuit grants rehearing or the Supreme Court grants review, the stay would extend until *all* review of the Second Circuit's recent opinion is complete. *See* Def.'s Mem. at 8 ("If the Government seeks further review in the Second Circuit and prevails, *the resulting holding* could be persuasive authority affecting this Court's decision. If the Government petitions for a writ of certiorari, *any resulting Supreme Court action* could control the issues currently before this Court." (emphases added)). Thus, granting the CIA's stay request could quite possibly stall this litigation for two years.

That is undoubtedly the CIA's goal. For more than four years, Plaintiffs have sought

basic information about the CIA's use of drones for targeted killing in order to inform an

extraordinarily important public debate—a debate that is taking place *now*. *See, e.g.*, Eric

Schmitt, *U.S. Drones and Yemeni Forces Kill Qaeda-Linked Fighters, Officials Say*, N.Y. Times,

Apr. 21, 2014, http://nyti.ms/1hTZBcm; *see also, e.g.*, David Cole, *How Many Have We Killed?*,

N.Y. Rev. Books Blog (Apr. 29, 2014, 2:06 p.m.),

http://www.nybooks.com/blogs/nyrblog/2014/apr/29/how-many-have-we-killed. Thirteen

months ago, the D.C. Circuit did not mince words in ordering the CIA to identify and describe

(and, where appropriate, release) the responsive records that the entire world knew the agency

had in its possession. *See ACLU v. CIA*, 710 F.3d 422, 431 (D.C. Cir. 2013) (characterizing the

CIA's position as "ask[ing] the courts . . . to give their imprimatur to a fiction of deniability that

no reasonable person would regard as plausible"). The CIA elected not to seek further review of

that decision in this Circuit or in the Supreme Court—but far from complying with the court's

instructions, the agency has essentially disregarded them. *See* Pls.' Opp. 8–12 (Aug. 13, 2013),

ECF No. 52. And now, even though the parties' dispositive motions are ready for decision, the

CIA seeks a stay of effectively indefinite duration—a stay that would continue to deprive the

public of information to which it is entitled under the Freedom of Information Act ("FOIA").[1]

---

[1] The CIA's motion to stay is reminiscent of its prior delaying tactics in this litigation. As this Court is surely aware, after the agency prevailed in the district court on summary judgment in August 2011, and after the parties fully briefed the D.C. Circuit over the following nine months, the CIA sought a remand prior to the circuit-court oral argument in order to account for a position it had taken in the ongoing New York FOIA litigation. *See* Mot. to Remand for Further Proceedings, *ACLU v. CIA*, No. 11-5320 (D.C. Cir. June 20, 2012), ECF No. 1379895. The CIA insisted that this position—that the CIA could "acknowledge officially, without harming national security," that it had in its files *two public speeches* by government officials that were responsive to Plaintiffs' FOIA request—merited remand so that the district court could consider "such new information . . . in the first instance." *Id.* at 5. Appropriately, the D.C. Circuit summarily denied the CIA's motion. *See* Order, *ACLU v. CIA*, No. 11-5320 (D.C. Cir. July 2, 2012) (per curium), ECF No. 1381688.

The halt to litigation the CIA seeks here—one with "no end in sight," *Obaydullah v. Obama*, 609 F.3d 444, 449 (D.C. Cir. 2010)—is not "within the bounds of moderation," *Landis*, 299 U.S. at 256; *see Gov't of Belize*, 668 F.3d at 731–32 ("In *Landis*, the Supreme Court instructed that a court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need.'" (quoting 299 U.S. at 255)). To obtain relief on its motion, the CIA must not only demonstrate that it will suffer "hardship or inequity" in the absence of a stay, *Landis*, 299 U.S. at 255; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997), but also that its need for a stay "overrides the injury to the parties being stayed," *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). Here, the agency can satisfy neither requirement. The CIA characterizes its "hardship" as the specter of "conflicting judicial decisions and litigation in varying stages," Def.'s Mem. 9, but that is hardly an uncommon situation for the federal government; to the contrary, the Supreme Court often finds it desirable to await rulings from more than one circuit before agreeing to resolve an important legal issue.  *See, e.g.*, *United States v. Mendoza,* 464 U.S. 154, 160 (1984) ("Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari."). In any event, the agency's "need" for a stay does not outweigh the injury to both Plaintiffs and the public that would flow from an extended and indefinite stay of this litigation.[2]

---

[2] *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) (Under FOIA, "if information is subject to disclosure, it belongs to all."); *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 40 (D.D.C. 2006) ("As the Supreme Court has made clear, public awareness of the government's actions is 'a structural necessity in a real democracy.' Not only is public awareness a necessity, but so too is *timely* public awareness." (quoting *Favish*, 541 U.S. at 172)); *see also* H.R. Rep. No. 93-876, at 6, 1974 U.S.C.C.A.N. 6267, 6271 ("[I]nformation is often useful only if it is timely. Therefore, excessive delay by the agency in its response is often tantamount to denial.").

The CIA's overriding objective in this case has been to postpone, for as long as possible, the day on which it would finally be required to disclose to the American public records related to the CIA's use of drones for targeted killing. In 2010, the agency initially claimed that it could neither "confirm nor deny" that it even had any such records. Three years later, the agency admitted that it had these records, but it claimed it could not enumerate or describe them in any way whatsoever. Now, faced with *another* court's order to disclose records and information about the CIA's use of drones for targeted killing, the agency apparently hopes to avoid *this* Court altogether. The Court should not let the CIA's evasion continue, and it should proceed to judgment.

*   *   *

For the reasons above, the Court should deny the CIA's motion and require the agency to comply immediately with the order it should have complied with yesterday. Alternatively, the Court should treat the agency's failure to comply with the Court's order as a concession that the agency has no response to Plaintiffs' February 12, 2014 notice of supplemental authority, and the Court should proceed to resolve the parties' fully briefed motions for summary judgment and partial summary judgment.

Dated:  May 1, 2014

Respectfully submitted,

*/s/ Jameel Jaffer*

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | Jameel Jaffer |
| American Civil Liberties Union of the | Hina Shamsi |
|   Nation's Capital | Brett Max Kaufman (*pro hac vice*) |
| 4301 Connecticut Avenue, N.W., Suite 434 | American Civil Liberties Union Foundation |
| Washington, D.C. 20008 | 125 Broad Street—18th Floor |
| T: 202.457.0800 | New York, NY 10004 |
| F: 202.452.1868 | T: 212.519.2500 |
| artspitzer@aclu-nca.org | F: 212.549.2654 |
| | jjaffer@aclu.org |