IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civil Action No. 1:10-cv-00436-RMC |
| CENTRAL INTELLIGENCE AGENCY, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S STATUS REPORT**

Defendant Central Intelligence Agency ("the CIA") hereby submits this status report pursuant to the Order dated June 6, 2014. The Court granted Defendant's motion to stay proceedings in this case until completion of any further review of the recent decision in the United States Court of Appeals for the Second Circuit that involves FOIA requests for some similar types of records. *See New York Times Co. v. DOJ*, Nos. 13-0422-cv(L), 13-0445-cv (CON) (April 21, 2014).

**New York Proceedings.**

The U.S. District Court for the Southern District of New York consolidated two separate FOIA cases brought by the ACLU and the New York Times requesting various records pertaining to "targeted killings." In that case, the District Court granted the Government's motion for summary judgment, ruling that the CIA's "no number no list" response, whereby it acknowledged the existence of records but withheld all details about those documents, was appropriate and had not been waived by virtue of official public acknowledgement, and

upholding DOJ's partial Glomar response for OLC opinions on the use of lethal targeted force by DOD or intelligence agencies in the conduct of counterterrorism operations. *See* 915 F. Supp. 2d at 550-53. The ACLU and the New York Times appealed to the Second Circuit Court of Appeals.

At the time of the stay in the present matter, the Second Circuit Court of Appeals had ordered the release of a redacted version of an opinion holding, among other things, that the CIA's no number no list response was insufficiently justified and that the Government had waived statutory exemptions over certain information. *See NY Times v. DOJ*, 752 F.3d 123 (2d Cir. 2014), *revised and superseded by* 2014 WL 2838861 (2d Cir. Jun 23, 2014), *amended on denial of rehearing by* 2014 WL 3396075 (2d Cir. Jul 10, 2014).

On June 5, 2014, the Government Defendants in that matter petitioned for panel rehearing and, alternatively, for rehearing en banc, but also advised the Court that it would not seek further review of certain aspects of the opinion. On June 23, 2014, the Second Circuit panel bifurcated the issues raised by the rehearing petition. On that date, the panel granted the rehearing petition in part and published a corrected version of the Second Circuit opinion and a court-redacted version of an OLC memorandum pertaining to a contemplated operation against Anwar al-Aulaqi. On June 26, 2014, the Court of Appeals issued a partial mandate to the District Court, requiring in camera review of any other responsive OLC memoranda. The District Court has ordered that this submission be made by August 15.

The Second Circuit panel bifurcated other issues raised in the petition for rehearing. On July 10, 2014, the panel denied in part the Government's petition for panel rehearing of the ruling requiring the Government to disclose the OLC's classified Vaughn index, and ordered the index disclosed in redacted form, without giving the Government an opportunity to either

prepare a public index or conduct a new classification review of the index. The Government's petition for en banc review is still pending.

**Proposed Next Steps.**

Although some issues that may require further review remain pending in New York, the Government proposes that the Court lift the stay in this matter so that it can move forward. Defendant hereby notifies the Court that the Government is withdrawing its pending motion for summary judgment because the briefed issues presented by the Defendant's no number, no list response have been superseded by recent court-ordered disclosures in the New York matter. Defendant's counsel reached out to Plaintiff's counsel this week to begin discussing a potential narrowing of the request and a schedule for searching for and processing responsive documents for at least parts of the request. To date, those discussions have not been productive.

Defendant proposes that the parties continue to confer and file a status report on or before August 15, 2014, advising the Court as to whether they have agreed to a schedule and a narrowing of the request. Defendant's counsel consulted with Plaintiff's counsel, who have advised that Plaintiffs oppose this proposal and would like to file a response to this status report. Defendant proposes this date in light of the absence of key government personnel this week, the planned vacation of undersigned counsel all next week, and because Defendant needs a short amount of time to ascertain how much time would likely be needed to complete the broad search and processing of the largely classified documents that are currently being sought by Plaintiff. In addition, Defendant remains hopeful that the parties can engage in productive discussions to narrow the request and thus expedite the processing and narrow the issues for this Court's review.

Dated: July 18, 2014                                              Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/Amy E. Powell
AMY E. POWELL (N.Y. Bar)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 514-9836
Fax: (202) 616-8202
amy.powell@usdoj.gov