UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION, *et al.*,

*Plaintiffs*,

v.

CENTRAL INTELLIGENCE AGENCY,

*Defendant*.

No. 10-cv-436 (RMC)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S STATUS REPORT

Plaintiffs respond to Defendant Central Intelligence Agency's ("CIA") status report, filed on July 18, 2014. *See* CIA Status Report (July 18, 2014), ECF No. 62; *see also* Minute Order (June 6, 2014) (granting CIA's motion to stay and ordering submission of status report by July 21, 2014).

1. Plaintiffs agree with the CIA that the Court should lift the stay in this matter so that this litigation can move forward, *see* CIA Status Report at 3.

2. Plaintiffs have no objection to the CIA's withdrawal of its motion for summary judgment, *see id.*

3. Although the CIA's filing did not address it, Plaintiffs' motion for partial summary judgment remains pending before this Court. *See* Pls.' Mot. for Partial S.J. (Sept. 13, 2013), ECF No. 51. Plaintiffs respectfully request that the Court enter judgment in their favor.

As the CIA's filing effectively concedes, the agency's "no number no list" response, which was the subject of Plaintiffs' motion for partial summary judgment, is no longer viable. *See* CIA Status Report at 3 ("[T]he briefed issues presented by Defendant's no number, no list response have been superseded by recent court-ordered disclosures in the New York matter.").

This is because the CIA has officially disclosed the very information that the agency's "no number no list" response was ostensibly meant to protect. As the Second Circuit explained, the government's "core argument" defending the CIA's "no number no list" response in *N.Y. Times Co.* was that the CIA's operational role in targeted killing had not been officially acknowledged. *See N.Y. Times Co. v. DOJ*, Nos. 13-422 & 13-445, 2014 WL 2838861, at *18 (2d Cir. June 23, 2014). The Court held, however, that the government had officially acknowledged—and therefore waived its ability to withhold under FOIA—(1) the substance of its legal analysis of the targeted killing of a U.S. citizen; (2) the CIA's operational role in the targeted-killing program; and (3) that the killing of Anwar al-Aulaqi had taken place in Yemen, with both DOD and CIA involvement. *See id.*, at *12, *15, *18, *14.[1] Having held that the government had officially acknowledged this information, the Second Circuit concluded that the government's "no number no list" response was unlawful. *See id.*, at *18 ("With CIA identified, the Appellees' main argument for the use of *Glomar* and no number, no list responses evaporates."); *id.*, at *20 ("[T]he *Glomar* and "no number, no list" responses are insufficiently justified.").

The same facts compel the same result here. *See* Pls.' Opp. at 23–33 (Sept. 13, 2013), ECF No. 52; Pls.' Notice of Suppl. Auth. at 1–2 (Feb. 12, 2014), ECF No. 56. Consequently,

---

[1] *See N.Y. Times Co.*, 2014 WL 2838861, at *12 ("After senior Government officials have assured the public that targeted killings are 'lawful' and that OLC advice 'establishes the legal boundaries within which we can operate,' and the Government makes public a detailed analysis of nearly all the legal reasoning contained in the [July 2010 OLC memorandum ('OLC–DOD Memorandum')], waiver of secrecy and privilege as to the legal analysis in the Memorandum has occurred."); *id.*, at *15 ("It is no secret that CIA has a role in the use of drones."); *id.*, at *18 ("[T]he statements of [Leon] Panetta when he was Director of CIA and later Secretary of Defense, set forth above, have already publicly identified CIA as an agency that had an operational role in targeted drone killings"); *id.*, at *14 ("It is no secret that al-Awlaki was killed in Yemen."); *id.*, at *14 (holding that the government had officially acknowledged that both DOD and the CIA "had an operational role in the drone strike that killed al-Awlaki").

Plaintiffs' respectfully request that the Court grant Plaintiffs' motion for partial summary judgment and order the relief that Plaintiffs requested in their motion:

> Specifically, the Court should (i) make specific, on-the-record findings as to what facts about the drone program the government has officially acknowledged; (ii) require the CIA to provide Plaintiffs with a *Vaughn* index that describes each withheld document by type, date, length, author, recipient, and subject matter; and (iii) require the CIA, to the extent it withholds any of this descriptive information from its *Vaughn* index, to justify in a publicly filed declaration, on a document-by-document basis, why this information is being withheld.

Pls.' Opp. at 40. The Second Circuit has granted Plaintiffs similar relief in *N.Y. Times Co. See* 2014 WL 2838861, at *20.

4.      In the interest of facilitating the prompt search for and processing of responsive documents in this case, Plaintiffs are willing to confer with the CIA in the coming weeks with respect to the potential narrowing of the Freedom of Information Act ("FOIA") that gave rise to this litigation. *See* CIA Status Report at 3. Plaintiffs agree to the CIA's proposal that the parties advise the Court by August 15, 2014, whether Plaintiffs have narrowed their request. Plaintiffs do not believe that the parties' discussions over the scope of the FOIA request should delay the Court's resolution of Plaintiffs' pending motion for partial summary judgment.

Dated:  July 24, 2014                                    Respectfully submitted,

                                                          */s/ Jameel Jaffer*
Arthur B. Spitzer (D.C. Bar No. 235960)                   Jameel Jaffer
American Civil Liberties Union of the                     Hina Shamsi
  Nation's Capital                                        Brett Max Kaufman (*pro hac vice*)
4301 Connecticut Avenue, N.W., Suite 434                  American Civil Liberties Union Foundation
Washington, D.C. 20008                                    125 Broad Street—18th Floor
T: 202.457.0800                                           New York, NY 10004
F: 202.452.1868                                           T: 212.519.2500
artspitzer@aclu-nca.org                                   F: 212.549.2654
                                                          jjaffer@aclu.org